## Ex Parte Zack Jones.

### No. 650.   Decided June 1, 1910.

### Rehearing denied June 22, 1910.

**Habeas Corpus—Appeal—Dismissal—Second Indictment.**

Article 884, Code Criminal Procedure, providing that the trial court shall have no further jurisdiction of the case until the appeal had been decided, etc., has no application where an appeal has been taken and dismissed, and the second indictment was returned before the mandate was received dismissing the appeal for want of sufficient indictment.

From Galveston County.

Original application for writ of habeas corpus asking release from arrest under second indictment found before the mandate was returned dismissing the appeal for want of sufficient indictment in the first case.

The opinion states the case.

*A. D. Bridge,* for relator.—Cited Quarles v. State, 37 Texas Crim. Rep., 262, 39 S. W. Rep., 668, in his motion for rehearing.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is an original application for writ of habeas corpus. The facts upon which the application is predicated are substantially as follows: Applicant was indicted for burglary in the Criminal District Court of Galveston County. A conviction was had which, upon appeal, was set aside for want of a legal indictment, and the prosecution dismissed. The opinion was rendered on May 16. Following the reversal mandate issued from this court on June 1, but was not received by the district clerk until June 23. The second indictment was returned into the Criminal District Court of Galveston County after the reversal and dismissal of the case by this court, but before the mandate was received and filed by the clerk of said Criminal District Court. Upon the second indictment applicant was tried, convicted and awarded a term in the penitentiary, where he is at present confined.

Under this state of facts applicant insists and urges that the proceedings under and by virtue of the second indictment are void, and seeks his release through the writ of habeas corpus. The only au-

thority cited by applicant or called to the attention of the court is article 884 of the Code of Criminal Procedure, which, in a general way, provides that after an appeal has been prosecuted, the trial court shall have no further jurisdiction of the case until the appeal has been decided by this court except to substitute or supply lost papers. That article of the statute has no relation to the character of case under consideration. It relates only to the proceedings had in a case in which a conviction occurred and the appeal was prosecuted. It has no reference to the authority of the grand jury to indict or the trial court to receive such indictment when preferred by that body, although the indictment may be for the same offense. Under the facts of this case the grand jury had the authority to indict and the Criminal District Court jurisdiction to receive the indictment. The mere fact that the trial court had not received the mandate, would not vitiate the act of the grand jury in preferring the indictment, although it charged the same offense. The applicant could not have plead the former prosecution in bar of the prosecution under the second indictment for the reason that at the time the indictment was preferred and at the time of his trial the former indictment had been held vicious and the prosecution dismissed. It was not even a pending case upon the docket. The judgment of this court eliminated any further proceeding under and by virtue of the prior indictment. It is deemed unnecessary to go further into a discussion of the matter. What has been said only relates to the condition of the case as presented by the facts here. There was no case under which applicant could be tried at the time of filing the second indictment, although the mandate had not been received by the trial court.

The writ of habeas corpus is refused.

*Writ refused.*

[Rehearing denied June 22, 1910.—Reporter.]